OPINION
{¶ 1} In December 2003, defendant-appellant, Leonardo Ramirez, was indicted on four counts of trafficking in cocaine and two counts of trafficking in marijuana. On March 9, 2004, Ramirez pled guilty to two counts of trafficking in cocaine, first-degree felonies, in violation of R.C. 2925.03(A)(1). The first of these two counts (Count Three) charged Ramirez with selling nine ounces of cocaine for $7,500. The second count (Count Four) charged him with selling one kilogram of cocaine for $27,000. Ramirez also pled guilty to a major drug offender specification on Count Four. In exchange for the pleas, the state agreed to dismiss the remaining counts of the indictment.
 {¶ 2} The trial court sentenced Ramirez to a three-year prison term on Count Three and a ten-year term on Count Four and ordered the sentences to be served consecutively.[1]
 {¶ 3} In a single assignment of error, Ramirez claims the trial court erred by imposing consecutive terms of imprisonment. He suggests that the record fails to support the trial court's sentencing decision.
 {¶ 4} When consecutive prison terms are imposed, the trial court must make several finding on the record at the sentencing hearing. The court must first find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. The court must then find one of the following: the offender committed a prior offense or one or more of the offenses while awaiting trial or while under post-release control for a prior offense; at least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by the offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or the offender's history of criminal conduct reveals consecutive sentences are necessary to protect the public from future harm. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. See, also, R.C. 2929.14(E)(4). In addition, the trial court must give reasons on the record to support its statutory findings. Comer at ¶ 14; R.C.2929.19(B)(2)(c).
 {¶ 5} At the sentencing hearing, the trial court stated the following with respect to the imposition of consecutive sentences:
 {¶ 6} "And it seems to me — and this is a pattern of trafficking. This is involvement in the cocaine trade in Clermont County in a major way, and it essentially would demean the seriousness of either offense for them — the sentences to be served concurrently. I will find that consecutive sentences are necessary to protect the public from future crime and to punish Mr. Ramirez, and that they are not disproportionate to the seriousness of his conduct and the danger he poses to the public.{¶ 7} "Considering these are two separate occurrences where substantial amounts of cocaine were brought into the County and essentially put into the marketplace, I'll find that the harm caused is so great or unusual that no single prison term for either of the offenses committed as part of a single course of conduct adequately reflects the seriousness of his conduct.
 {¶ 8} "And I will find that a history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Mr. Ramirez. And in making that finding, my assessment is that based upon the findings that I made with respect to recidivism, that 13 years is a more appropriate sentence than the ten years."
 {¶ 9} The trial court observed that Ramirez's conduct constituted "major" involvement in the cocaine trade in Clermont County, creating an infusion of substantial quantities of cocaine into the area. The court further observed that the circumstances underlying Ramirez's conduct and the increased likelihood of recidivism factored into the decision to impose consecutive sentences in order to protect the public from future crime by Ramirez.
 {¶ 10} We conclude that the trial court complied with the dictates ofComer and adequately stated its reasons on the record in support of its findings to impose consecutive sentences. For these reasons, Ramirez's sole assignment of error is hereby overruled.
 {¶ 11} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] The trial court did not impose any additional prison term for the major drug offender specification.